# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| Marcell Meyer | ) Case No. 5:25-MJ-83 (ML) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of February 14, 2025 in the county of Jefferson in the Northern District of New York the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, U.S.C., Section 2252A(a)(2)(A) | Distribution of Child Pornography. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

*Cory R Shepard*
*Complainant's signature*

Cory Shepard, Task Force Officer
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: March 27, 2025

*Miroslav Lovric*
*Judge's signature*

City and State: Binghamton, NY

Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Cory Shepard, being duly sworn, hereby state as follows:

**I.     INTRODUCTION**

1.     I am a Customs and Border Protection Officer (CBPO) with the U.S. Department of Homeland Security (DHS), Customs and Border Protection (CBP), and as such I am empowered by law to investigate and make arrest for offenses enumerated in Title 18, United States Code, Section 2252A.

2.     I have been employed as a Task Force Officer (TFO) since November 2020 and I am currently assigned to the Homeland Security Investigation (HSI) Task Force Resident Agent Office in Alexandria Bay, New York. While assigned to HSI, I have been responsible for enforcing customs laws, immigration laws and federal criminal statutes of the United States. My responsibilities as a TFO with HSI include, but are not limited to, conducting investigations, executing arrest warrants, executing search warrants, collecting evidence, and interviewing witnesses. I have been a TFO for approximately four and one-half years and have investigated and/or participated in investigations of child pornography, narcotics, smuggling, and immigration-related cases. My duties include the enforcement of federal criminal statutes involving the sexual exploitation of children, as codified in Title 18, United States Code, Sections 2251 through 2259. I have participated in searches of premises and assisted in gathering evidence by means of a search warrant. I have received training in the area of the importation and distribution of child pornography and have had the opportunity to observe and review numerous examples of child pornography in many forms, including video and computer media.

3.     My duties include the enforcement of federal criminal statutes involving the exploitation of children as codified in Title 18, United States Code, Sections 2251-2259. I

have received training in the importation and distribution of child pornography and have had the opportunity to observe and review numerous examples of child pornography in many forms of media, including video and computer media.

4. This affidavit is made in support of an application for a criminal complaint charging Marcell MEYER with violations of Title 18, United States Code, Section 2252A(a)(2)(A) (distribution of child pornography).

5. The statements contained in this affidavit are based upon my investigation and information provided to me by other agents. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant has violated Title 18, United States Code, Section 2252A(a)(2)(A) (distribution of child pornography).

## II. THE INVESTIGATION AND PROBABLE CAUSE

6. In February 2025, Homeland Security Investigations, Portland, Maine RAC ("HSI Portland"), initiated an undercover operation to target individuals engaged in exploitation of children online. This operation involved the use, by law enforcement, of a social media platform that permits both direct and group messaging and media sharing features (the "Social Networking Application"). On February 14, 2025, a task force officer with HSI Portland acting in an undercover capacity on the Social Networking Application (the "UC"), entered into several group chats targeted toward teenage users. The profile picture for the UC's account on the Social Networking Application was an AI-generated image of a young girl in a dress.

7. On or about February 14, 2025, while online in an undercover capacity, the UC received a private message from another user on the Social Networking Application

who law enforcement later confirmed to be Marcell MEYER. The opening exchange between MEYER and the UC included the following:

| MEYER | Hey Hun … I saw you in the Middle School Room… |
| --- | --- |
|  | I hope you don't mind me messaging and asking… |
|  | Would you like to chat? Xx |
|  | Happy Valentine's Day Babe (Smile Emoji) (Rose) (Rose) (Rose) |
| UC | Sure asl? |
| MEYER | <sends image of tall adult male in a white suit> |
|  | That's me wearing the white… I'm 42 m and from NY and SA… |
|  | Would you be offended if I asked you if I could maybe see a picture of you too? (Kissing Emoji) |
| UC | 13 f maine |
|  | <sends AI-generated image of teenage female> |
|  | Fave picture from my sister's wedding |
| MEYER | Tbh age doesn't matter to me… I judge people by who they are and not by a number… |
|  | Do you mind chatting to older people? I don't want to offend or uspset you babe x.x |
|  | Young lady you are really beautiful (heart eye emoji) (rose) (rose) |
| UC | Aw thanks |
|  | No we can talk |

8. As part of the ensuing communications between MEYER and the UC, MEYER utilized several difference accounts on the Social Networking Application. As part

3

of their communications, MEYER sent the UC several additional selfie photographs, other than that sent in the exchange above, all of which appeared to depict MEYER.

9. As part of additional communications with the UC on the Social Networking Application, MEYER sent the UC, who purported to be a 13-year-old female child, additional media files including:

    a. a video, approximately 12 seconds in length, depicting what appears to be an adult male using his penis to vaginally penetrate a prepubescent female child, approximately 2-3 years old.

    b. a video, approximately 26 seconds in length, depicting an adult male holding a prepubescent female toddler, approximately 2-3 years old, with the adult male's erect penis between the child's legs. The male then begins rubbing his penis on the child's genitals.

10. Additional investigation revealed that MEYER's conduct on the Social Networking Application was linked to a residence in Sackets Harbor, New York. As a result, in February 2025, HSI Syracuse and your affiant became involved in the investigation.

11. During a review of the case by your affiant it was determined that approximately 19 CyberTips linked to various accounts associated with MEYER had been received by law enforcement.

12. On or about March 25, 2025, United States Magistrate Judge, Miroslav Lovric, issued federal search warrants for the person of MEYER; his residence in Sackets Harbor, New York; and any electronic devices found during those searches. The search warrants were executed by your affiant and other agents from HSI on March 27, 2025,

during which MEYER was encountered and several electronic devices belonging to MEYER, including an Apple iPhone 15 Pro, were seized.

13. While the searches were ongoing, MEYER agreed to accompany agents to the New York State Police barracks in Watertown, New York for a voluntary interview. After arriving at the NYSP barracks, MEYER was read his *Miranda* rights, which he knowingly waived and agreed to a voluntary interview with law enforcement which was audio and video recorded.

14. During the ensuing interview, MEYER generally admitted receiving and distributing child pornography via the Social Networking Application and that he engaged in this conduct from his residence in Sackets Harbor, New York using his Apple iPhone 15 Pro, which was manufactured outside the State of New York. MEYER further admitted that as part of his conduct on the Social Networking Application he sent text and media, including child pornography, to other users including users purporting to be children. MEYER also admitted that he was the only person with access to and control over his accounts on the Social Networking Application and his Apple iPhone 15 Pro. During the interview, law enforcement also showed MEYER a screenshot from each of the two child pornography videos he had sent to the UC, as described above. After being shown the screenshots, MEYER acknowledged having seen the files before and that he was familiar with the videos and their content.

### III. CONCLUSION

15. Based on the above information, there is probable cause to believe that Marcell MEYER has violated Title 18, United States Code, Section 2252A(a)(2)(A) (distribution of child pornography).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Cory R Shepard*
Cory Shepard, Task Force Officer
Homeland Security Investigations


I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on March 27, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Miroslav Lovric*
Hon. Miroslav Lovric
United States Magistrate Judge